No. 14-10483-AA

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

GARY VASILOFF,
*Petitioner-Appellant*,

v.

UNITED STATES OF AMERICA,
*Respondent-Appellee.*

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION
Nos. 4:07-cr-00337-VEH-SGC; 4:10-cv-08001-VEH-SGC
_____

BRIEF OF APPELLEE

JOYCE WHITE VANCE
*United States Attorney*
*Northern District of Alabama*

MICHAEL B. BILLINGSLEY
*Assistant United States Attorney*

ATTORNEYS FOR APPELLEE
UNITED STATES OF AMERICA

United States Attorney's Office
1801 Fourth Avenue North
Birmingham, AL 35203
(205) 244-2001

No. 14-10483-AA

*Gary Vasiloff v. United States of America*

**CERTIFICATE OF INTERESTED PERSONS AND
CORPORATE DISCLOSURE STATEMENT**

The United States Attorney for the Northern District of Alabama, through undersigned counsel, certifies that, in addition to those listed in Vasiloff's brief, the following persons may have an interest in the outcome of this case:

1. Billingsley, Michael B., Assistant United States Attorney for the Northern District of Alabama, counsel for the United States in these proceedings; and,

2. Whisonant, Michael W., Assistant United States Attorney for the Northern District of Alabama, Chief of the Criminal Division.

_____
Michael B. Billingsley
*Assistant United States Attorney*

C-1 of 1

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is not necessary. The parties' briefs and the record adequately present the facts and legal arguments necessary to resolve this appeal. *See* Fed. R. App. P. 34(a)(2)(C); 11th Cir. R. 34-3(b)(3).

i

# TABLE OF CONTENTS

Page

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE
    DISCLOSURE STATEMENT .................................................................C-1

STATEMENT REGARDING ORAL ARGUMENT .................................................i

TABLE OF CONTENTS........................................................................... ii

TABLE OF CITATIONS ......................................................................... iii

STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION....vi

STATEMENT OF THE ISSUES....................................................................1

STATEMENT OF THE CASE AND FACTS .........................................................2

        Course of Proceedings and Disposition Below.................................2

        Statement of the Facts .......................................................5

        Standards of Review .........................................................6

SUMMARY OF THE ARGUMENT ....................................................................7

ARGUMENT .......................................................................................8

    A Claim that the Indictment was Multiplicitous was Waived
    by Vasiloff's Guilty Plea, is Procedurally Defaulted, and is
    Without Merit. ...............................................................8

CONCLUSION.................................................................................16

CERTIFICATE OF SERVICE ..................................................................17

ii

# TABLE OF CITATIONS

**Cases**                                                                  *Page*

*Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) .................10

*Brown v. United States*, 720 F.3d 1316 (11th Cir. 2013) ................................. 11-12

*Chandler v. United States*, 218 F.3d 1305 (11th Cir. 2000) (*en banc*)....................13

*Gissendaner v. Seaboldt*, 735 F.3d 1311 (11th Cir. 2013) ....................................13

*Holladay v. Haley*, 209 F.3d 1243 (11th Cir. 2000)................................................12

*McKay v. United States*, 657 F.3d 1190 (11th Cir. 2011) ..............................6, 9, 11

*Murray v. United States*, 145 F.3d 1249 (11th Cir. 1998) (per curiam)...................6

*Osley v. United States*, 751 F.3d 1214 (11th Cir. 2014)..........................................6

*Rhode v. United States*, 583 F.3d 1289 (11th Cir. 2009) (per curiam).................6, 9

*United States v. Esch*, 832 F.2d 531 (10th Cir. 1987) ...........................................14

*United States v. Fairchild*, 803 F.2d 1121 (11th Cir. 1986)..............................9, 11

*United States v. Falgout*, 325 Fed. Appx. 775 (11th Cir. 2009)...............................9

*United States v. Fee*, 491 Fed. Appx. 151 (11th Cir. 2012) ................7-8, 13-14, 15

*United States v. Frady*, 456 U.S. 152, 102 S. Ct. 1584 (1982)..............................12

*United States v. Mastrangelo*, 733 F.2d 793 (11th Cir. 1984) ........................ 10-11

iii

*United States v. McCoy*, 477 F.2d 550 (5th Cir. 1973) ...........................................10

*United States v. Nyhuis*, 211 F.3d 1340 (11th Cir. 2000).......................................12

*United States v. Pierre*, 120 F.3d 1153 (11th Cir. 1997)........................................10

*United States v. Siegelman*, 786 F.3d 1322 (11th Cir. 2015) ..................................12

*Waters v. Thomas*, 46 F.3d 1506 (11th Cir. 1995) (*en banc*) ..................................13

**Statutes**

18 U.S.C. § 2251(a) .................................................................................................2, 7

18 U.S.C. § 2252A(a)(5)(B) .......................................................................................2

28 U.S.C. § 1291 ........................................................................................................vi

28 U.S.C. § 2253(c)(1)(B) .........................................................................................vi

28 U.S.C. § 2255 ...............................................................................................vi, 2, 4

28 U.S.C. § 2255(a) ...................................................................................................vi

U.S.S.G. § 5G1.2(d) ..................................................................................................2

iv

**Other Authorities**

11th Cir. R. 34-3(b)(3) ..................................................................i

11th Cir. R. 36-2 ......................................................................14

Fed. R. App. P. 34(a)(2)(C) .........................................................i

Fed. R. Crim. P. 12(b)(3)(B) .....................................................10

Fed. R. Crim. P. 12(b)(3)(B)(ii) ................................................10

## STATEMENT OF SUBJECT MATTER
## AND APPELLATE JURISDICTION

On December 4, 2013, the district court entered a final judgment denying Vasiloff's motion to vacate his conviction and sentence, which was filed under 28 U.S.C. § 2255.  *Cv Doc 47.*[1]  The district court denied Vasiloff's request for a certificate of appealability (COA).  *Cv Doc 53.*  The district court had jurisdiction under 28 U.S.C. § 2255(a).  On February 3, 2014, Vasiloff filed a notice of appeal. *Cv Doc 49.*  This Court granted a COA on two related issues.  *Cv Docs 59 and 61.* This Court has jurisdiction under 28 U.S.C. §§ 1291 and 2253(c)(1)(B) over the issues identified in the COA.

---

[1]  "Cr" refers to documents filed in Vasiloff's original criminal proceedings, case number 4:07-cr-00337-VEH-SGC.   "Cv" refers to documents filed in the current proceedings, case number 4:10-cv-08001-VEH-SGC.

## STATEMENT OF THE ISSUES

This Court granted a COA limited to the following questions:

(1)  Whether Vasiloff's claim that the indictment was multiplicitous was barred by his guilty plea or the appeal waiver, and

(2)  If not, whether the indictment was multiplicitous because it charged one production count for each individual photograph.

*Cv Docs 59, 61.*

## STATEMENT OF THE CASE

**Course of Proceedings and Disposition Below**

In 2007, Gary Vasiloff pleaded guilty to 21 counts of sexual exploitation of a child, violations of 18 U.S.C. § 2251(a), and a single count of possession of child pornography, a violation of 18 U.S.C. § 2252A(a)(5)(B).  *Cr Doc 27, pp. 26-29.* He did so in accordance with a plea agreement he entered into with the government.  *Cr Doc 15.*  As part of the plea agreement, Vasiloff voluntarily agreed to waive his right to appeal his sentence and conviction and his right to challenge his sentence "or the manner in which [it] was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255."  *Cr Doc 15, pp. 5-6.*  As an exception to the waiver, Vasiloff reserved "the right to contest in an appeal or post-conviction proceeding . . . [a]ny sentence imposed in excess of the applicable statutory maximum sentence."  *Id.*

In preparation for Vasiloff's sentencing hearing, a pre-sentence report was prepared.  *Cr Doc 19.*  The report recognized that, for each of counts 1-21, the statutory maximum sentence was 30 years (minimum 15 years) and, with regard to count 22, the statutory maximum sentence was 10 years.  *Cr Doc 19, p. 18.*  But, because the offense level was 43 (combined with a criminal history category of I) the advisory guideline imprisonment range was Life.  *Id.*  Thus, the guidelines called for consecutive rather than concurrent sentences.  *Id.* (citing U.S.S.G.

2

§ 5G1.2(d)) ("If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively . . . to the extent necessary to produce a combined sentence equal to the total punishment.").

At the sentencing hearing, defense counsel represented that he and Vasiloff "had 35 days in which to review the presentence report." *Cr Doc 28, p. 3*. And, they had no objections to the report. *Id*. Thus, Vasiloff did not object to the advisory guideline range of Life, nor did he seek to withdraw his guilty plea. He did, however, object to running the sentence on each count consecutively, rather than concurrently. *Cr Doc 28, p. 15*. The district court, however, found no reason to depart or vary from the guideline range. *Cr Doc 28, pp. 15-16*. The court imposed a life sentence by imposing the statutory minimum on counts 1-21 (15 years), the statutory maximum sentence on count 22 (10 years), all to run consecutively for a total sentence of 3,900 months (325 years). *Cr Doc 28, p. 16* ("It's 3,900 months is what it comes to, which is 325 years, which is just basically another way of saying life.").

Despite the existence of the appeal waiver within his plea agreement, Vasiloff sought to appeal his sentence. *Cr Doc 22*. He raised a single issue – whether his sentence was reasonable. This Court of Appeals granted the government's motion to dismiss the appeal based upon the appeal waiver within

3

the plea agreement. *Cr Doc 34* ("The Government's motion to dismiss this appeal based on the valid and enforceable sentence appeal waiver in Appellant's plea agreement is GRANTED.").

In 2010, Vasiloff filed a motion under 28 U.S.C. § 2255 (the motion leading to this appeal). *Cv Doc 1*. Among other complaints, Vasiloff challenged the validity of his appeal waiver, alleged that counsel was ineffective in relation to the guilty plea, and argued that his indictment was multiplicitous. *Cv Doc 37, p. 15*. The government filed a motion to dismiss on the basis of the appeal and post-conviction waiver within Vasiloff's plea agreement. *Cv Doc 6*. The district court denied the motion to dismiss on the basis that Vasiloff raised issues regarding the validity of the plea and the waiver itself; such claims, the court found, were not subject to the waiver. *Cv Docs 19, 22*.

The government filed a response to Vasiloff's § 2255 motion. *Cv Doc 25*. The magistrate judge then issued a report and recommendation, concluding that the § 2255 motion was due to be denied. *Cv Doc 37*. After reviewing the matter *de novo*, including Vasiloff's objections to the report and recommendation, the district court adopted the findings of the report and recommendation and denied the § 2255 motion. *Cv Docs 46, 47*. The district court also rejected Vasiloff's request for a COA. *Cv Doc 53*.

4

Vasiloff appealed the denial of his § 2255 motion, and this Court granted a COA limited to:  Whether Vasiloff's claim that the indictment was multiplicitous was barred by his guilty plea or the appeal waiver, and, if not, whether the indictment was multiplicitous because it charged one production count for each individual photograph.  *Cv Docs 59, 61*.

## Statement of the Facts

As part of his plea agreement, and during the plea hearing itself, Vasiloff stipulated to the following facts:

> The Alabama Department of Human Resources Assessment of Children at Risk officials received information and reported the same to the Cherokee County Sheriff's Office (CCSO), advising that Gary Steven Vasiloff had taken nude photographs of his stepdaughter (age 14) using a dildo and posing in other lewd and lascivious positions, and had downloaded the photos from his digital camera onto his personal computer.  It was also alleged that the victim had been given alcoholic beverages before the pictures were taken.

> On January 23, 2007, the CCSO executed a state search warrant at Vasiloff's residence.  Vasiloff's computer was seized, along with other items of evidence including a digital camera and a dildo.  The CCSO utilized the computer analysis services of the Alabama Computer Forensic Lab to analyze Vasiloff's computer.  Vasiloff's computer was analyzed and twenty-one images of child pornography depicting the victim were discovered.  Seven additional images of the victim depicting breast nudity were also discovered.  In numerous [] pictures, the victim can be seen consuming alcoholic beverages she says were given to her by Vasiloff.  The images were produced by a Concord camera, which was manufactured in the People's Republic of China.

> The FBI initiated its investigation into the matter after receiving investigative reports from the CCSO on July 17, 2007.  On July 31,

2007, an examiner with the Alabama Computer Forensic Lab provided the FBI with a report of examination of Vasiloff's personal computer.  The FBI reviewed the report on July 31, 2007, and confirmed that the images of child pornography were in fact of the victim in question.

On August 8, 2007, Vasiloff was arrested on a federal complaint charging him with Possession of Child Pornography.  After waiving his rights pursuant to Miranda, he confessed to producing the images of child pornography depicting his step-daughter.  He admitted that the images had been taken at a deceased relative's abandoned house in Cherokee County, Alabama, between the dates of June 23, 2006, and August 14, 2006.  He also turned over the Concord camera used to produce the images.

*Cr Doc 15, pp. 3-4*; *Cr Doc 27, pp. 23-25*.

**Standards of Review**

"[T]he scope of [this Court's] review of an unsuccessful § 2255 motion is limited to the issues enumerated in the COA."  *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011) (citing *Rhode v. United States*, 583 F.3d 1289, 1290-91 (11th Cir. 2009) (per curiam) and *Murray v. United States*, 145 F.3d 1249, 1250-51 (11th Cir. 1998) (per curiam)).  The district court's denial of a § 2255 motion is reviewed for clear error with respect to findings of fact, and *de novo* with respect to questions of law.  *McKay*, 657 F.3d at 1195. Ineffective assistance of counsel claims are mixed questions of law and fact that this Court reviews *de novo*. *Osley v. United States*, 751 F.3d 1214, 1222 (11th Cir. 2014).

6

## SUMMARY OF ARGUMENT

A claim that the indictment was multiplicitous was barred by Vasiloff's guilty plea. Under the Federal Rules of Criminal Procedure, and long-standing case law, such a claim is waived if it is not raised before trial. Necessarily then, it is not a claim that impacts the court's jurisdiction. And, it is well-settled that a knowing and voluntary guilty plea waives all non-jurisdictional defects in the proceedings.

To the extent the COA is deemed to cover a claim that alleged multiplicity in the indictment impacted Vasiloff at sentencing, such a claim is procedurally defaulted. Thus, for it to be considered, Vasiloff must demonstrate cause and prejudice to overcome the default. He cannot make the necessary showing. Although he alleges that counsel was ineffective, he can show neither deficient performance nor any resulting prejudice. This Court has rejected a claim like Vasiloff's, *i.e.*, that an indictment was multiplicitous because it charged one production count under 18 U.S.C. § 2251(a) for each individual photograph. *United States v. Fee*, 491 Fed. Appx. 151, 157 (11th Cir. 2012). And, although this Court reached that conclusion in an unpublished opinion, the decision conclusively refutes any claim that only an attorney acting unreasonably would not raise a multiplicity claim under these circumstances.

7

Finally, assuming (without conceding) that this Court can reach a substantive multiplicity claim head on (despite the procedural default), Vasiloff's claim is without merit for the reasons set forth in *Fee*. *Id*., 491 Fed. Appx. at 157 ("The text of section 2251(a) makes clear that Congress proscribed each discreet visual depiction of a minor as a separate offense."). Because Vasiloff's § 2255 motion was properly denied, the judgment below should be affirmed.

## ARGUMENT

### A Claim that the Indictment was Multiplicitous was Waived by Vasiloff's Guilty Plea, is Procedurally Defaulted, and is Without Merit.

The first issue identified in the COA is "whether Vasiloff's claim that the indictment was multiplicitous was barred by his guilty plea or the appeal waiver." *Cv Doc 59*. Of course, the identified claim need not be barred by both the guilty plea *and* the appeal waiver; an affirmative answer as to either precludes Vasiloff from obtaining the relief he seeks. And, without question, the claim is barred by Vasiloff's guilty plea. Moreover, even assuming otherwise, the claim is procedurally defaulted because it was not raised at the district court level or on appeal. Thus, as is set out in more detail below, a substantive claim that the indictment was multiplicitous – *i.e.*, one that is not based on ineffective assistance of counsel – is precluded from review.

8

As an initial matter, Vasiloff strongly condemns the use of appeal waivers to preclude subsequent claims of ineffective assistance of counsel. *Vasiloff's brief, pp. 5-7.* But, this point is unnecessary and irrelevant for several reasons. *First*, the government does not seek to invoke the appeal waiver to bar a claim of ineffective assistance of counsel.[2] *Second*, the issues identified by this Court do not include a claim of ineffective assistance of counsel. The COA asks whether the indictment was multiplicitous, not whether counsel was ineffective for failing to argue that the indictment was multiplicitous. And, "the scope of [this Court's] review of an unsuccessful § 2255 motion is limited to the issues enumerated in the COA." *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011) (citing *Rhode v. United States*, 583 F.3d 1289, 1290-91 (11th Cir. 2009) (*per curiam*).

A claim that Vasiloff's indictment was multiplicitous was waived by Vasiloff's guilty plea. *See United States v. Fairchild*, 803 F.2d 1121, 1124 (11th Cir. 1986); *see also United States v. Falgout*, 325 Fed. Appx. 775, 776 (11th Cir. 2009) (recognizing that "knowing and voluntary guilty plea waives an argument that the indictment was duplicitous") (citing *Fairchild*). The "failure to object to

---

[2]  Admittedly, the government did seek to utilize the appeal waiver in the court below to preclude Vasiloff's § 2255 motion in its entirety. *Cv Doc 6*. But, that attempt was rejected. *Cv Docs 19, 22*. Moreover, the United States Attorney's Office for the Northern District of Alabama now expressly excludes ineffective-assistance claims from its appeal waivers. And, more importantly here, as noted, the government does not invoke the appeal waiver to preclude such a claim in this instance.

the multiplicity of the indictment before trial constitutes a waiver of the multiplicity objection with regard to any allege error in the indictment." *United States v. Mastrangelo*, 733 F.2d 793, 800 (11th Cir. 1984) (citations omitted).

After all, it is well-settled that a defendant's unconditional guilty plea, made knowingly, voluntarily, and with the benefit of competent counsel, waives all non-jurisdictional defects in the proceedings. *E.g., United States v. Pierre*, 120 F.3d 1153, 1155 (11th Cir. 1997); *United States v. McCoy*, 477 F.2d 550, 551 (5th Cir. 1973).[3] A multiplicitous indictment is not a jurisdictional defect.

At the time of Vasiloff's guilty plea, Federal Rule of Criminal Procedure 12(b)(3)(B) provided that "a motion alleging a defect in the indictment or information" must be made before trial. And, if provided that, "at any time while the case is pending, the court may hear a claim that the indictment . . . fails to invoke the court's jurisdiction." Fed. R. Crim. P. 12(b)(3)(B).[4] If a valid multiplicity claim impacted the court's jurisdiction, *Mastrangelo* would necessarily have come out another way, *i.e.*, it would not have held that such a claim is waived if not raised pre-trial. Thus, because a multiplicity claim is not jurisdictional in

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), this Court adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

[4] In 2014, Rule 12(b)(3)(B) was amended to "clarif[y] which motions must be raised before trial." Fed. R. Crim. P. 12(b)(3)(B) (advisory committee notes). A motion alleging multiplicity in the indictment is now expressly identified. *See* Fed. R. Crim. P. 12(b)(3)(B)(ii).

nature, it was waived by Vasiloff's guilty plea. *E.g.*, *Fairchild*, 803 F.2d 1121, 1124.

On the other hand, Vasiloff's failure to challenge the indictment before his guilty plea did not preclude him from arguing against the imposition of multiple sentences, either on appeal or before sentence was imposed. *See Mastrangelo*, 733 F.2d at 800 ("While Mastrangelo's failure to object to the indictment bars him from asserting that he cannot be indicted or convicted for two crimes, he may challenge the imposition of multiple sentences for the alleged commission of one crime."). But, such a claim should not be considered here as it is not identified in the COA. *See McKay*, 657 F.3d at 1195.

Assuming such a claim is covered by the COA, it is nevertheless precluded from review in these § 2255 proceedings. This is so because, although he could have done so, Vasiloff failed to argue against multiple sentences before he was sentenced or on direct appeal. Thus, he procedurally defaulted such a claim. *See, e.g., Brown v. United States*, 720 F.3d 1316, 1333 (11th Cir. 2013) (recognizing that a claim not raised on direct appeal is "procedurally defaulted").[5]

---

[5] Arguably, the claim is additionally barred from review under the valid appeal waiver. After all, this Court already enforced the waiver against a challenge to Vasiloff's sentence when it dismissed Vasiloff's direct appeal. *Cr Doc 34* ("The Government's motion to dismiss this appeal based on the valid and enforceable sentence appeal waiver in Appellant's plea agreement is GRANTED."). Thus, under the law of the case doctrine, the waiver is valid and enforceable against a substantive challenge to Vasiloff's sentence in these proceedings as well. *See, e.g.,*

"To obtain collateral relief on errors that were not raised on direct appeal, [Vasiloff] 'must show both (1) "cause" excusing his double procedural default, and (2) "actual prejudice" resulting from the errors of which he complains.'" *Brown*, 720 F.3d at 1333 (quoting *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584 (1982)). Presumably, because he raised such a claim below, Vasiloff would argue that he can show cause through ineffective assistance of counsel. And, it is true that "'[c]onstitutionally ineffective assistance of counsel can constitute cause' under *Frady*." *Brown*, 720 F.3d at 1333 (quoting *Holladay v. Haley*, 209 F.3d 1243, 1254 (11th Cir. 2000)). But, unfortunately for Vasiloff, to overcome a procedural default, an ineffective-assistance-of-counsel claim "'must have merit.'" *Brown*, 720 F.3d at 1333 (quoting *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000)). Vasiloff's claim does not have merit.[6]

---

*United States v. Siegelman*, 786 F.3d 1322, 1327 (11th Cir. 2015) ("[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."). On the other hand, Vasiloff could argue that his claim falls within the stated exception to his appeal waiver. *See Cr Doc 15, p. 5* (plea agreement stating that Vasiloff expressly reserved the right to challenge "[a]ny sentence imposed in excess of the applicable statutory maximum sentence"). Because Vasiloff was sentenced to consecutive sentences, a *valid* multiplicity claim (with regard to its impact at sentencing) would likely fall within the exception to the waiver. In any case, however, because the claim is procedurally defaulted, this Court need not address the application of the appeal waiver.

[6] For this reason, Vasiloff is entitled to no relief even if the COA is viewed as itself including a claim of ineffective assistance of counsel. In other words, whether the effectiveness of counsel is viewed through the prism of "cause" in an

Vasiloff cannot demonstrate deficient performance.  The test for ineffectiveness is not "whether counsel could have done more; perfection is not required.  Nor is the test whether the best criminal defense attorneys might have done more.  Instead, the test is . . . whether what [counsel] did was within the wide range of reasonable professional assistance."  *Waters v. Thomas*, 46 F.3d 1506, 1518 (11th Cir. 1995) (*en banc*) (quotation marks and citation omitted).  Put another way, Vasiloff "bears the heavy burden of showing that 'no competent counsel would have taken the action that his counsel did take.'"  *Gissendaner v. Seaboldt*, 735 F.3d 1311, 1323 (11th Cir. 2013) (quoting *Chandler v. United States*, 218 F.3d 1305, 1315 & n.16 (11th Cir. 2000) (*en banc*)).  He cannot make that showing.

Specifically, Vasiloff cannot show that only an incompetent attorney would not have viewed his indictment as multiplicitous.  And, similarly, he cannot show that only an attorney acting unreasonably would have failed to challenge the indictment and Vasiloff's multiple sentences.  This is so because even this Court has determined that an indictment like Vasiloff's – *i.e.*, one charging each photograph taken during a single photography session separately – is not multiplicitous.  *See United States v. Fee*, 491 Fed. Appx. 151, 157 (11th Cir. 2012)

---

attempt to overcome the default or as an independent claim for relief, counsel was not ineffective.

13

("We agree with the Tenth Circuit that '[t]he fact that multiple photographs [of K.S.] may have been sequentially produced during a single photography session is irrelevant' because '[e]ach photograph depended upon a separate and distinct use of [K.S.].'") (quoting *United States v. Esch*, 832 F.2d 531, 542 (10th Cir. 1987)) (brackets in original). "The text of section 2251(a) makes clear that Congress proscribed each discreet visual depiction of a minor as a separate offense." *Fee*, 491 Fed. Appx. at 157.

Admittedly, *Fee* is unpublished and thus is not binding precedent, but merely persuasive authority. *See* 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."). Nevertheless, it is dispositive in this context where the issue is not whether Vasiloff's indictment was multiplicitous, but whether counsel was constitutionally deficient for failing to challenge the indictment as multiplicitous. *Fee* conclusively refutes any contention that only an attorney acting unreasonably would not view Vasiloff's indictment as multiplicitous.

Moreover, because this Court correctly resolved the issue in *Fee*, Vasiloff cannot demonstrate prejudice in relation to a claim of ineffective assistance of counsel. In other words, because the "text of section 2251(a) makes clear that Congress proscribed each discreet visual depiction of a minor as a separate offense[,]" *Fee*, 491 Fed. Appx. at 157, any challenge to Vasilioff's indictment on

14

multiplicity grounds would have failed. Thus, even assuming deficient performance on the part of counsel, Vasiloff cannot demonstrate that he was prejudiced as a result. And, because he can demonstrate neither deficient performance nor prejudice in relation to defense counsel, he cannot overcome the procedural default.

In sum, and in direct response to the COA, Vasiloff is entitled to no relief. *First*, Vasiloff's claim that the indictment was multiplicitous was barred by his guilty plea. For that reason, it cannot serve as a basis for relief. *Second*, assuming that a related sentencing claim is even covered by the COA, *i.e.*, that Vasiloff was improperly sentenced on the basis of a multiplicitous indictment, such a claim was procedurally defaulted, and Vasiloff has not overcome the default. Thus, it cannot serve as a basis for relief either. *Third*, assuming a related ineffective-assistance-of-counsel claim is covered by the COA – *i.e.*, a claim that counsel was ineffective for failing to raise multiplicity – such a claim is without merit. Vasiloff can prove neither deficient performance, nor prejudice. Once again, therefore, no relief is available to Vasiloff. *Fourth*, assuming that, despite the default, this Court can directly reach a claim that "the indictment was multiplicitous because it charged one production count for each individual photograph," the claim is without merit for the reasons set out in *Fee*. Thus, like all the other issues addressed, it cannot serve as a basis for relief.

15

## CONCLUSION

For all of the forgoing reasons, the judgment below should be affirmed.

Respectfully submitted,

Joyce White Vance
*United States Attorney*


_____

Michael B. Billingsley
*Assistant United States Attorney*

16

## CERTIFICATE OF SERVICE

I hereby certify that on this the 6th day of July, 2015, the foregoing brief was filed electronically using the Court's CM/ECF system.  A copy was served on the *pro-se* Appellant by first-class United States mail, postage prepaid, addressed as follows:

> Gary Steven Vasiloff, *pro se*
> #26486-001
> U.S.P. – Tucson
> P.O. Box 24550
> Tucson, AZ 85734.

On this same date, the original and additional copies of the Brief of Appellee were filed by Federal Express overnight delivery, addressed as follows:

> Clerk's Office - Appeal No. 14-10483-AA
> U.S. Court of Appeals - Eleventh Circuit
> 56 Forsyth Street NW
> Atlanta, GA 30303.

_____
Michael B. Billingsley
*Assistant United States Attorney*

Address of Counsel:

United States Attorney's Office
1801 Fourth Avenue North
Birmingham, Alabama 35203-2101
(205) 244-2001

17