14-10483

No. 14-10483-AA

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

GARY VASILOFF,

Plaintiff-Appellant,

vs.

UNITED STATES OF AMERICA,

Respondant-Appellee.

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

SEP 0 1 2015

DOUGLAS J. MINCHER
CLERK

ON APPEAL FROM THE UNITED STATES DISRICT COURT

FOR THE NORTHERN DISTRIC OF ALABAMA

MIDDLE DIVISION

Nos. 4:07-cr-00337-VEH-SGC; 4:10-cv-08001-VEH-SGC

REPLY OF APPELLANT

Gary Vasiloff, Pro Se Appellant

Reg. No. 26486-001

Post Office Box 24550

Tucson, Arizona 85734

No. 14-10483-AA

GARY VASILOFF v. UNITED STATES OF AMERICA,

CERTIFICATE OF INTERESTED PERSONS AND

CORPORATE DISCLOSURE STATEMENT

Gary Vasiloff, pro se appellant, certififes that there are no other parties of interest other than those listed in his appellate brief and those listed in the Brief of the Appellee.

Gary Vasiloff, Pro Se Appellant

C-1 of 1

## STATEMENT REGARDING ORAL ARGUMENT

Vasiloff requests oral argument and appointment of counsel for that purpose as the arguements necessary to resolve this appeal are complicated issues of law and fact.

TABLE OF CONTENTS

                                                    Page

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE

DISCLOSURE STATEMENT....................................C-1

STATEMENT REGARDING ORAL ARGUMENT.........................i

TABLE OF CONTENTS.......................................ii

TABLE OF CITATIONS.....................................iii

REPLY....................................................1

CONCLUSION..............................................13

CERTIFICATE OF SERVICE..................................15

ii

TABLE OF CONTENTS

Cases                                                    Page

* BLOCKBURGER v. U.S., 284 U.S. 299,

76 L.Ed 306, 52 S.Ct. 180 (1932)................5, 7, 8, 13

* CULVER v. U.S.,

2014 U.S. Dist. LEXIS 159818 (N.D.Al. 2014)...............9

* EBELING v. MORGAN, 237 U.S. 625,

59 L.Ed 1151, 35 S.Ct. 710 (1915).........................7

* HOOD v. U.S.,

2014 U.S. Dist. LEXIS 177452 (N.D.Ga. Sept. 22, 2014)......3

* MABRY v. JOHNSON,

467 U.S. 504, 81 L.Ed.2d 437, 104 S.Ct 2543 (1984)........2

* PREWETT v. WEEMS,

749 F.3d 454 (6th Cir. 2014)..............................10

RE SNOW/EX PARTE SNOW,

120 U.S. 274, 30 L.Ed. 658, 7 S.Ct. 556 (1887)............7

* SAXTON v. UNITED STATES,

2014 U.S. Dist. LEXIS 108944(S.D. Ga. Jul. 11, 2004).......2

* VACA-ORITA v. U.S.,

320 F.Supp.2d 1362 (N.D. Ga. 2004)].......................2

* WILLIAMS v. U.S.,

396 F.3d 1340 (11th Cir. 2005).........................2, 3

* U.S. v. BRECHTEL,

997 F.2d 1108 (5th Cir. 1993).............................5

* U.S. v. BROCE,

488 U.S. 563, 102 L.Ed.2d 927, 109 S.Ct 757 (1988)........2

* U.S. v. BUSHERT,

997 F.2d 1343 (11th Cir. 1993)............................2

* U.S. v. COIRO, 922 F.2d 1008 (2d Cir. 1991).............10

* U.S. v. COUTENTOS,

2009 US.Dist.LEXIS 112963 (N.D.IA 2009)...................10

* U.S. v. EDGE,

2014 U.S. Dist. LEXIS 181569 (D.Minn. 2014)..............10

* U.S. v. ESCH, 832 F.2d 531 (10th Cir. 1987)......5, 10, 13

* U.S. v. FEE, 491 Fed.Appx. 775 (11th Cir. 2012)........10

* U.S. v. FINELY, 245 F.3d 199 (2d Cir. 2001)............13

* U.S. v. MASTRANGELO, 733 F.2d 793 (11th Cir. 1984).......4

* U.S. v. McKITTRICK, 142 F.3d 1170 (9th Cir. 1998).......5

* U.S. v. PERRY, 120 F.3d 1153 (11th Cir. 1997)...........1

* U.S. v. PIRES, 642 F.3d 1 (1st Cir 2011)..............11

* U.S. v. POLOUIZZI, 564 F.3d 142 (2d Cir. 2009).........11

* U.S. v. SARRAS, 571 F.3d 1111 (2009)....................9

* U.S. v. STURM, 560 F.Supp.2d 1029 (D.CO. 2008).........10

* U.S. v. TASHBOOK,

144 Fed.Appx. 610 (9th Cir. 2011)........................10

* U.S. v. VARGAS CASTILLO,

329 F.3d 715 (9th Cir. 2003).............................5

* U.S. v. VILLANO, 529 F.2d 1046 (10th Cir. 1976).........7

* U.S. v. WALLACE, 447 F.3d 184 (2d Cir. 2006)...........13


Statutes

18 U.S.C. § 2251(a)....................................6, 9, 10

18 U.S.C. § 2252A........................................11

28 U.S.C. § 2255.......................3, 4, 12

Miscellaneous

* Black's Law Dictionary 9th ed............8

* American Heritage Dictionary.......................8, 10

* The Congressional Report S.Rep. 95-438,

reprint in 1978, U.S. Code Cong. & Admin. News at 53.......9

* H. Friendly, Mr. Justice Frankfurter and

the Reading of Statutes in Benchmarks p.196, 209 (1967)...11

* Wharton Criminal Law, 11th ed. § 34.....................7

REPLY

## I. ATTORNEY'S FAILURE TO RAISE CLAIM OF MULTIPLICITOUS INDICTMENT SHOULD NOT BAR VASILOFF FROM RAISING THE CLAIM REGARDLESS OF HIS ILL ADVISED GUILTY PLEA OR PLEA WAIVER SINCE HE IS NOT AN ATTORNEY WHO SHOULD KNOW TO RAISE AND PRESERVE SUCH CLAIMS.

Vasiloff has raised the issue of whether his guilty plea was truly made voluntarily, and with knowledge, since his attorney failed to properly assist him with pertinent information that would help him make a plea knowingly and voluntarily. Vasiloff's trial attorney never visited the jail to explain the plea bargain, which was signed by both him and the attorney on the day of the change of plea hearing. However, an evidentiary hearing is needed to make this showing.

The governement's claim that a guilty plea waives all non-jurisdictional issues is deficient. The rational in the case cited by the government provides the caveat, "WITH THE BENEFIT OF COMPETENT COUNSEL." See, U.S. v. PERRY, 120 F.3d 1153, 1155 (11th Cir. 1997). The waiver is viable only when Vasiloff had benefit of competent counsel to help him sufficiently understand the plea process. Competent counsel would have objected to the production dates and stacking of counts from a single impulse. This benefit was absent in Vasiloff's case. Therefore, the guilty plea should not waive the multiplicity issue in this case.


## MANY CONSTITUTIONAL ISSUES CANNOT BE WAIVED

It is well established that certain fundamental

constitutional rights cannot be waived away, knowingly or
unknowingly, by guilty plea. For example, courts have
recognized that a defendant cannot waive the right to raise an
ineffective assistance claim alleging a problem at the time he
was entering the plea or regarding advise provided regarding
the waiver. SAXTON v. UNITED STATES, 2014 U.S. Dist. LEXIS
108944(S.D. Ga. Jul. 11, 2004)[citing VACA-ORITA v. U.S., 320
F.Supp.2d 1362, 1365 (N.D. Ga. 2004)]. See also, WILLIAMS v.
U.S., 396 F.3d 1340, 1342 fn.2 (11th Cir. 2005)("[T]here may
be a distinction between a § 2255 claim of ineffective
assistance related to challenging the validity of the plea or
agreement.). This requires an evidentiary hearing to find
whether or not a Vasiloff entered into the plea was knowingly
and voluntarily. U.S. v. BUSHERT, 997 F.2d 1343, 1350-51 (11th
Cir. 1993)(requir[ing] a finding that the plea was not entered
into knowingly and voluntarily, which would in turn mean that
a court could not enforce a waiver contained within that plea
agreement.).

Furthermore, the Supreme Court in several cases has ruled
that a guilty plea does not automatically waive a fifth
Amendment, constitutional claim of double jeopardy, which is
the root of a multiplicity claim. When there is a challenge to
counsel's competency and whether Vasiloff made his guilty plea
"knowingly and volutarily," which Vasiloff has raised in his §
2255; a guilty plea waiver must at least be reviewed. MABRY v.
JOHNSON, 467 U.S. 504, 508, 81 L.Ed.2d 437, 104 S.Ct 2543
(1984); U.S. v. BROCE, 488 U.S. 563, 574, 102 L.Ed.2d 927, 109
S.Ct 757 (1988).

A more recent case agrees, "Based on the organizaion of

2

the § 2255 motion, Movant appears to assert only one ground, which concerns ineffective assistance of trial counsel." And, "Although Movant's plea agreement contains an appeal waiver, the single ground of ineffective assistance of trial counsel is not barred because it implicates the validity of Movant's guilty plea." See HOOD v. U.S., 2014 U.S. Dist. LEXIS 177452 (N.D.Ga. Sept. 22, 2014), at fn.2, citing WILLIAMS, Id.

These cases cut to the heart of claims raised by Vasiloff's motion under § 2255. Namely, that attorney Tuten ineffectively counseled him into entering a guilty plea, waiving his appeal rights, in exchange for a sentence that was effectively numerous life sentences, without raising any viable, substantial objections.


GOVERNMENT CONCEDES APPEAL WAIVER IS NOT TO BE ENFORCED...OR MAYBE NOT.

This case would not now be in front of this Court if not for the appeal waiver. In the government's brief, on page 9, they attempt to imply that the appeal waiver was never an issue. They then burry in note 2, "more importantly here, as noted, the government DOES NOT INVOKE the appeal waiver to preclude such a calim in this instance." However, just three pages later, they remind the Court, "arguably, the claim is additionally barred from review under the valid appeal waiver."

Since the appeal waiver appears not to be invoked by the government "in this instance" (unless the Court goes with it), and since most everyone now agrees that plea waivers are espcially unethical when a defendant challenges the

3

effectiveness of counsel at the time plea waivers are made, as Vasiloff has, it would seem that the Court need no further review of this issue. The lower court's denial should be reversed, with instruction to reveiw the multiplicy issue in all the various forms Vasiloff argued in his § 2255.

II. PROCEDURAL DEFAULT NOT VASILOFF'S FAULT. INCOMPTENT COUNSEL FAILED TO RAISE THE ISSUE PRE-TRIAL AND ON APPEAL.

The government concedes that raising the issue of multiple sentences for one single criminal act is valid as long as raised pre-trial, or at least on direct appeal, citing U.S. v. MASTRANGELO, 733 F.2d 793 (11th Cir. 1984). As to the "cause" of the "double procedural default," the government is blaming Vasiloff for failing to argue against mulitple sentences prior to being sentenced, or at least in his direct appeal, it should be remembered that Vasiloff is not an attorney. Vasiloff relied on Mr. Tuten to represent his best interests. Vasiloff had no way to know what multiplicity was or that the issue needed to be raised during pretrial proceedings; that is the job of the appointed attorney.

However, after sentencing, Vasiloff was advised by other inmates about the possibility of a multiplicity issue. Vasiloff sent numerous letters to his attorney during the direct appeal; letters asking Mr. Tuten to raise the issue of multiplicitous indictment. The letters were ignored and the issue was not raised. This is the "cause" for multiplicity not being raised. However, it would not have mattered much, since the direct appeal was dismissed due to the valid and enforcable appeal waiver. The court would not have reached the

multiplicity issue. Now that the appeal waiver is no longer an obstacle, as conceded by the govenment on page 9, perhaps Vasiloff's appeal rights should be reinstated. This is one of the reasons the issue of ineffective assistance has been raised in this appeal; the IAC issue is inextricably bound with the plea bargain and jurisdiction of this Court to hear the issue of multiplicity.

MULTIPLICITY WAS AGRUED IN AN INDEPENDENT ARGUMENT WHICH IS CLARIFIED BELOW, STANDARD OF REVIEW, AND TEST.

Vasiloff argued the issue of multiple sentences for one crime as raised in the COA, in argument B. on page 14-18. The argument will be clarified here. The standard of review whether an indictment is multiplicitous -- charges a single offense in more than one count -- is reviewed de novo. U.S. v. BRECHTEL, 997 F.2d 1108, 1112 (5th Cir. 1993). U.S. v. McKITTRICK, 142 F.3d 1170, 1176 (9th Cir. 1998). U.S. v. VARGAS CASTILLO, 329 F.3d 715, 718-19 (9th Cir. 2003); U.S. v. ESCH, 832 F.2d 531, 541-42 (10th Cir. 1987).

The traditional test of multiplicity determines whether each count requires proof of a fact which the other count does not. If one element is required to prove the offense in one count which is not required to prove the offense in the second count, there is no multiplicty. The focus is on the statutory elements of the charged offenses, not the overlap in the proof offered to establish them, because a single act may violate several statutes without rendering those statutes identical. BLOCKBURGER v. U.S., 284 U.S. 299, 76 L.Ed 306, 52 S.Ct. 180 (1932).

The indictment reads, "On or about a date between the 23rd day and the 14th day of August, 2006, a more exact date being unknown to the Grand Jury, in Cherokee County, within the Northern Distict of Alabama, the defendant, GARY STEVEN VASILOFF, did employ, use, persuade, induce and entice a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, that is a photograph known to the Grand Jury as Exhibit #[fill in 1 to 21], said visual depiction which was produced using materials that had been mailed, shipped, and transported in interstate and foreign commerce, in violation of Title 18, United States Code, Section 2251(a)."

All 21 counts of production use the same words to describe the same elements for Vasiloff's conduct. The indictment itself indicates that the production took place on one day; "[o]n or about A DATE between...23rd DAY and the 14th DAY...a more exact DATE being unknown," written in the singular form. It was NOT written "dates" in the plural to indicate several different days or different shoots.

The language of each of the 21 counts, in the indictment, require the same set of facts to prove the exact same elements of the statute. It is well established that each count must be able to stand alone. The factual elements in the case are all proven with a single count and do not possess elements that are in any way different from the other twenty.

Vasiloff was charged with 21 counts of production, violation 18 U.S.C. § 2251(a). The set facts involved in each of the photographs produced meet only one set of elements. And the only justification for stacking muliple counts is found in

6

a few misguided cases claiming that Congress intended that the term "use" allows multiple allowable units of prosecution to stack counts. This is a simple case of punishing again and again for the same criminal conduct/transaction and justices creating justification for their personal preconceived notion of justice.

IT IS THE COURSE OF THE ACTION OF USING A MINOR THAT IS PROHIBITED; PRODUCTION IN THIS CASE IS MOTIVATED BY A SINGLE IMPULSE.

The key issue here is really whether the production was a result of successive impulses or of one single impluse. Because, "When the impulse is single, but one indictiment lies, no matter how long the action may continue. If successive impulses are separately given, even though all unite in swelling a common stream of action separate indictments lie." Whart. Crim. Law, 11th ed. § 34. This type of case is very unlike tearing separate and distinct mail bags, in EBELING v. MORGAN, 237 U.S. 625, 59 L.Ed 1151, 35 S.Ct. 710 (1915); or using a telephone over three different months, U.S. v. VILLANO, 529 F.2d 1046 (10th Cir. 1976), or making narcotic sales on different days, BLOCKBURGER 76 L.Ed 306, Id. This case is much more like RE SNOW/EX PARTE SNOW, 120 U.S. 274, 30 L.Ed. 658, 7 S.Ct. 556 (1887), where SNOW was living in the house with his seven wives and it was the course action of cohabitation with multiple wives that was prohibited. Vasiloff lived in the house with his step-daughter, and it is the course action of "using" a minor to produce any kind of sexual depiction that is prohibited.

7

The two types of prohibitions outlined in BLOCKBURGER, whether the statute prohibits individual acts or a course of action, seems an arbitrary construct of the judiciary; word play used to justify whatever desired outcome fits the mood of the court. The word "impulse" is a noun meaning, "a sudden urge or inclination that prompts an unplanned action." Blacks Law Dictionary, 9th ed. It can also mean "a motivating force or tendency." American Heritage Dictionary.

There is a misguided belief that each pose, click of the shutter, begins and ends a single transaction or impulse. This is far from the reality in the mind of the sex addicted person with the impulse to capture sexually explicit images. It is a sexual impulse that is the motivating factor that causes the person having the impulse to commit to taking as many photographs as possible during a single period of time. Once committed to the action the impulse does not stop or ebb, it continues to motivate. Multiple counts may be justified for production that takes place on diffenet days or even several photographs with completely different minors. However, the fact the Vasiloff's production took place in one day, with one person, shows that it was one impulse. Otherwise it would be like charging multiple counts for a person who repeatedly tore the same mail bag, each tear in the single mail bag constituting one count.

CONSISTENCY IS SOUGHT IN STATUTORY SCHEMES AND THE JUDICIARY SHOULD FOLLOW.

There is no statute or rule that absolutely requires prosecutors or judges to stack counts for each use of a minor,

or for every visual depiction. If this was the intended result
of the statute, every produciton case would charge one count
for each photograph, but this has not been the practice. In
fact in numerous prodcution cases, counts were not stacked,
some production cases out of the Eleventh circuit were not
stacked (e.g., U.S. v. SARRAS, 571 F.3d 1111, 1118
(2009)(Sarras found guilty BY JURY for violation of 18 U.S.C.
§ 2251(a) for 3 counts based on 3 separate shoot days where 15
photos produced October 16; 10 photos produced October 17; and
16 photos produced on October 23-24, 2006 [totalling 41
separate uses]). Yet, only 3 production counts were charged,
not 41); CULVER v. U.S., 2014 U.S. Dist. LEXIS 159818 (N.D.Al.
2014)(Culver found guilty BY JURY for violation of 18 U.S.C. §
2251(a) for counts 1-6, only counts 1 & 2 were run
consecutively to 4-6, for a total of only 60 years for far
more heinous behavior than Vasiloff's).

      NEITHER THE TERM "USE" NOR CONGRESSIONAL HEARING
INDICATES ALLOWABLE UNITS OF PROSECUTION.

      Some courts insist Congress intended that the vague
phrase "use" of a minor, and "any visual depiction" requires
multiple counts for each use or depiction, even when the
production took place during a single "production shoot"
transaction. The ESCH court based their decision on the
Congressional Report ·S.Rep. 95-438, reprint in 1978, U.S.
Code Cong. & Admin. News at 53. 1977, a report that contains
no language whatsoever to indicate the intended result being
multiple counts for what amounts to a policy prohibiting the
course of action constituting abuse of minors. The language of

9

the hearing only informs the public that federal law will no longer have a gap regarding obscenity where minors are used.

The word "any" is defined, "ANY: 1. any or some indescriminately of whatever kind: a. one or another taken at random; b. EVERY-- used to indicate one selected without restriction; 2.a. One or more-- used to indicate an undetermined number or amount; b. ALL-- used to indicate a maximum or whole; c: a or some without reference to quanitity or extent; 3a: unmeasured or unlimited in amount, number, or extent. American Heritage dictionary.

The word "any" in the § 2251(a) really describes "any" kind or type of use of a minor, or depiction, but does not indicate number of uses or depictions. The word "any" has typically been found ambiguous in connection with the allowably unit of prosecution. See, U.S. v. COIRO, 922 F.2d 1008, 1014 (2d Cir. 1991).

The word "use" does not indicate in any way, nor even come close to defining allowable units of prosecution for a single production shoot. In fact, the only cases Vasiloff found supporting this reasoning came out of four Circuits and three district courts: PREWETT v. WEEMS 749 F.3d 454, 459 (6th Cir. 2014); U.S. v. TASHBOOK, 144 Fed.Appx. 610 (9th Cir. 2011); U.S. v. ESCH, 832 F.2d 531, 542 (10th Cir. 1987); U.S. v. STURM, 560 F.Supp.2d 1029 (D.CO. 2008); U.S. v. FEE, 491 Fed.Appx. 775 (11th Cir. 2012); U.S. v. COUTENTOS, 2009 U.S. Dist. LEXIS 112963 (N.D.IA 2009); U.S. v. EDGE, 2014 U.S. Dist. LEXIS 181569 (D.Minn. 2014).

When a video is produced, thousands of frames --each constituting a single photo-- may be made, yet the video is

only charged in one single count, not thousands of counts. If Congress had intended the term "use" to indicate a number (a count for each photograph produced), they would have added the term "each" somewhere in the statute to make a more specific, fixed allowable unit of prosecution. "It is the seriousness of the criminal penalties, and because criminal punishment usually represent the moral condemnation of the community, legislatures and not courts should define criminal activities." The policy embodies "the instictive distaste against men languishing in prison unless the law maker has CLEARLY said they should." From H. Friendly, Mr. Justice Frankfurter and the Reading of Statutes in Benchmarks p.196, 209 (1967).

As for "prejudice," this should be clear. Had attorney Tuten raised the issue of multiplicious indictment pretrial or on direct appeal, the result at best, 22 counts would have become 2 counts with a sentence between 25-40 years as opposed to 300 plus years. At worst, the issue would have been properly preserved for appeal and the issue of procedural default would not need discussion.

Furthermore, the rule of lenity is applied in possession cases in violation of 18 U.S.C. § 2252(a), which also uses the phrase "any visual depiction." There should be no difference i n counts whether a number of photographs were produced or possessed. In the PIRES case, counts 1 & 2 both charged attempted receipt, violating 2252(a)(2) using "any visual depiction" to charge two counts. The court of appeals held that there was no evidence of separate and distinct transactions. U.S. v. PIRES, 642 F.3d 1, 16 (1st Cir 2011);

U.S. v. POLOUIZZI, 564 F.3d 142, 158 (2d Cir. 2009). By way of
analogy, Vasiloff's indictment only list one criminal
impluse/transaction, "on a date between," which indicates a
single day when the photographs were produced. Since there is
no evidence of separate and distinct transactions only one
count should be charged.

III. THE ISSUE OF INEFFECTIVE ASSISTANCE OF COUNSEL WAS NOT
SUFFICIENTLY REVIEWED AS THE PLEA WAIVER COLORED MAGISTRATES
REVEIW.

The Magistrate Judge in the lower court did not
sufficiently review the ineffective assistance of counsel
claims raised by Vasiloff, but instead first determined that
the appeal waiver was valid and enforcable. After that
determination, the rest was moot. Now that the issue of the
appeal waiver is not being raised, perhaps, reinstating
Vasiloff's appeal rights is in order. Vasiloff has never asked
for perfect representation, he is not arguing that Tuten could
have done more. He does argue that Tuten had some duty to sit
down and speak to him and help him understand the consequences
of what he was doing; to adequately inform him that he was
receiving nothing for a guilty plea that would result in a
sentences equating to multiple life sentences. The government
tries to simplify the IAC claims raised in the insufficiently
reviewed § 2255 to a single issue, but there were numerous
issue raised. Scrutinizing the indictment for defects is the
first duty of an attorney. A competent attorney is aware that
certain issues need to be preserved for appeal. The government
cites FEE as though that 2012 decision had been available for

12

attorney Tuten in 2007, when Vasiloff plead guilty. However, the BLOCKBURGER test was around since 1932 the Suprement Court has not passed on the term "use" as indicating multiple units of prosecution.

## IV. REASONING IN THE FEE CASE IS NOT UNIVERSALLY APPLIED, NOR ADOPTED AS PRECEDENT.

The reasoning in the FEE case (an unpublished opinion), cited by the government, has not really gained traction and now would be a good time to revisit and correct the misapplication of supposed congressional intent. It should speak volumes that nearly thirty years after ESCH, 832 F.2d 531, Id., this legal reasoning has not become judicially accepted precedent. The "Use" doctrine as applied today results in unacceptable judical disparity. It does not describe a number of units used, but only type of use. The term "use" is too vague to be able to justify using it to determine allowable units of prosecution. The rule of lenity should be applied where abiguity or doubt exists about congressional intent regarding unit of prosecution, the rule of lenity is applied, which dictates "if congress does not fix the punishiment for a federal offense clearly and without ambiguity, doubt will be resolved against turning a single transaction into multiple offenses." U.S. v. WALLACE, 447 F.3d 184, 188 (2d Cir. 2006). quoting U.S. v. FINELY, 245 F.3d 199, 207 (2d Cir. 2001).

## CONCLUSION

For all the foregoing reasons, the judgment below should

be reversed.

Respectfully Submitted,

Gary Vasiloff, Pro Se Appellant

14

CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of August, 2015, the foregoing original reply to Appellee's brief was filed in with the U.S. Court of Appeals-Eleventh Circuit, by placing it in the USP Tucson institutional legal mail system, first-class United States mail, postage prepaid, addressed as follows:

Clerk's Office- Appeal No. 14-10483-AA

U.S. Court of Appeals-Eleventh Circuit

56 Forsyth Street NW

Atlanta, GA 30303

On the same date, a copy was served on the U.S. Attorney by placing it in the USP Tucson institutional legal mail system, first-class United States mail, postage prepaid, addressed as follows:

United States Attorney's Office

1801 Fourth Avenue North

Birmingham, Alabama 35203-2101

Gary Vasiloff, Pro Se Appellant

/5